(C. D. 88)

KRUEGER & HOCH *v.* UNITED STATES

United States Customs Court, Second Division

(Decided January 31, 1939)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiffs.
*Webster J. Oliver*, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular impor-

tation of articles invoiced as "Leistennägel" consisting of small pieces of metal, having a point, a shoulder, and a screw thread. Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for. It is claimed that said articles are properly dutiable at 1½ cents per pound under the provision in paragraph 331 of said act for other iron or steel nails, not specially provided for, or, alternatively, at three-fourths of 1 cent per pound under the provision in said paragraph 331 for "nails, spikes, tacks, brads, and staples, made of iron or steel wire   *   *   *   less than one inch in length and smaller than sixty-five one-thousandths of one inch in diameter", or at six-tenths of 1 cent per pound under said paragraph as "spikes, tacks, brads, and staples, not specially provided for."

Representative samples of the imported merchandise were admitted in evidence as Collective Illustrative Exhibit 1 and a small strip of moulding with an article similar to Exhibit 1 screwed into it was admitted in evidence as Illustrative Exhibit A.

In addition to said exhibits the plaintiffs offered in evidence the testimony of a single witness, Oscar Krueger, a member of the plaintiffs' firm. He testified that his firm dealt in decorative mouldings; that after an article like Exhibit 1 is screwed into the back of the moulding the whole strip of moulding is then hammered against the wall; and that the object of doing this is to avoid having the surface of the moulding show any marks.

On cross-examination he testified that he had never seen articles like Exhibit 1 manufactured; that the Progress Manufacturing Co. of Torrington, Conn., manufactures similar merchandise but of a larger size; and that he had seen articles like Exhibit 1 used in the manner which he had already described.

At the close of this witness' testimony it was stipulated by and between counsel for the respective parties that the merchandise in the instant case was not "cut" as that term is used in paragraph 331.

The defendant offered in evidence the testimony of two witnesses. The first, Theodore B. Smith, president of John Hassall, Incorporated, testified that his company manufactures nails, rivets, and screws to order; that he had seen articles like Exhibit 1 manufactured and had sold similar articles; that in dealing with customers he had called such an article a "gudgeon with modified wood screw thread"; that he had never held such articles out to the public as nails; that certain articles similar to Collective Exhibit 1 and which were manufactured by his firm and marked herein as Collective Illustrative Exhibit B for identification, were used for the same purpose as testified by the witness Krueger; that in selling the same they were never referred to by the witness as rivets or tacks; that he had seen a nail with a screw thread but that such an article was no longer a nail but a drive screw; that

he had never seen a tack with a screw thread; that he had seen a brad with a screw thread but that such an article was no longer a brad; that he had never seen a hobnail, a cut nail, or a horseshoe nail with a screw thread; that a tack is cut from a sheet whereas a nail is cut from wire; that while something circular or cylindrical like wire could be threaded, a tack that is manufactured from a sheet is incapable of being so threaded; and that a nail when threaded is a nail no longer.

On cross-examination he testified that a nail is a thin piece of metal generally having a head at one end and a point at the other driven by a hammer; that it does not have to show the head, but it does have to show a shank and a point; that cut nails can be made from sheet stock the same as tacks; that brads are made from wire; that the articles in the case at bar are not rivets; that they are classified as screws in the screw business; that Exhibit 1 is screwed to the moulding whereas the gudgeon in Collective Illustrative Exhibit C (which with two other articles were taken from Collective Illustrative Exhibit B for identification) is pressed into the moulding; that the object of the threaded portion is to make the article securely fastened into the moulding by screwing; that a nail could not be used for this purpose as that would have to be driven into the front of the moulding; that if the person did not care if a hole was made in the moulding, of course he could use a nail; that there are many kinds of nails; that he always bills articles like Collective Exhibit 1 or Collective Illustrative Exhibit C as gudgeons.

The second Government witness, James E. Arkison, sales district manager of the Continental Screw Co. of New Bedford, Mass., testified that his company was engaged in the manufacture of screws; that it publishes a catalog which was the catalog admitted in evidence as Illustrative Exhibit E; that it manufactured and sold articles similar to Collective Exhibit 1; and that he had sold articles like Collective Exhibit 1, but never as nails, upholstery nails, chair glides, tacks, brads, spikes, or staples.

On cross-examination he testified that articles like Collective Exhibit 1 are called "threaded gudgeons" or "pintles"; that an article having a thread like Collective Exhibit 1 is not a nail but a sort of screw; that it is classified in the catalog (Illustrative Exhibit E) under the heading of "Miscellaneous" but that all of the articles in said catalog manufactured by the witness' company are screws of one description or another; that there are no articles in said catalog that are sold as nails; and that a nail is an article having a hard shoulder, point, and a head, and is driven by a hammer.

Upon the entire record we are of the opinion that the plaintiffs have not sustained the burden of proving that the collector's classification is erroneous and that the merchandise at bar is properly classifiable under paragraph 331 as claimed. We are satisfied from

an examination of the samples that the article in question is a combination between a nail and a screw and since it is not *eo nomine* provided for it is properly dutiable at the rate of 45 per centum ad valorem under said paragraph 397 as a manufacture of metal not specially provided for, as classified by the collector. All claims of the plaintiff's are overruled and judgment will be rendered accordingly.